UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:08-cr-44-33TBM

ALEX SHEVGERT

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Alex Shevgert's pro se Motion to Reduce Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. # 279), filed on August 27, 2020. The United States of America responded on September 24, 2020. (Doc. # 286). For the reasons that follow, the Motion is denied.

I.  **Background**

After he was convicted by a jury, the Court sentenced Shevgert in March 2009 to 300 months' imprisonment for conspiracy to travel across state lines with intent to kill, injure, and harass another person, in violation of 18 U.S.C. § 371, and traveling across state lines with intent to kill, injure, and harass another person, in violation of 18 U.S.C. §§ 2261(A) and 2. (Doc. ## 142, 199). These crimes involved Shevgert's hiring men multiple times to attack and beat his

1

in-laws, who were refusing to lend him more money. (Doc. # 286 at 1-3). While incarcerated for these crimes, Shevgert attempted to hire hitmen to kill his in-laws. For this crime, Shevgert was sentenced to an additional consecutive term of 235 months' imprisonment. See United States v. Shevgert, 8:12-cr-245-T-27EAJ at (Doc. # 59); (Doc. # 286 at 1-2). Shevgert is 64 years old and is expected to be released in July 2046. (Doc. # 286 at 4).

In his Motion, Shevgert seeks compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic, his age, and his other medical issues. (Doc. # 279). The United States has responded (Doc. # 286), and the Motion is ripe for review.

**II. Discussion**

**A. Request for Home Confinement**

To the extent Shevgert's Motion can be construed as requesting placement in home confinement, the Court denies the Motion. The Court has no authority to direct the Bureau of Prisons (BOP) to place Shevgert in home confinement because such decisions are committed solely to the BOP's discretion. See United States v. Calderon, No. 19-11445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020)(explaining that district courts lack jurisdiction to grant early release to home

2

confinement pursuant to Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)). Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. See Tapia v. United States, 564 U.S. 319, 331 (2011)("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."); 18 U.S.C. § 3621(b)("The [BOP] shall designate the place of the prisoner's imprisonment[.]").

Thus, any request for home confinement falls outside Section 3582(c)'s grant of authority. The Motion is denied as to this requested relief.

**B.   Request for Compassionate Release**

To the extent that Shevgert also requests compassionate release from prison, the United States argues that the Motion should be denied on its merits. (Doc. # 286).

The Court agrees and denies the Motion because Shevgert's circumstances are not extraordinary and compelling. The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to

3

provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG §1B1.13, comment. (n.1). Shevgert bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)("Heromin bears the burden of establishing that compassionate release is warranted.").

Although Shevgert alleges that he suffers from underlying health conditions (Doc. # 279 at 3-4), he has not sufficiently demonstrated that he has a serious medical condition that substantially diminishes his ability to care for himself in his facility. See USSG §1B1.13, comment. (n.1). Furthermore, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). While Shevgert's medical conditions and age may make him more vulnerable to COVID-19, the Court is not convinced that this increased vulnerability is an extraordinary and compelling

circumstance. Thus, Shevgert has not shown an extraordinary and compelling reason that justifies compassionate release.

Even if Shevgert had established an extraordinary and compelling reason for compassionate release, this Court would still deny his Motion because Shevgert has not shown that he "is not a danger to the safety of any other person or to the community." USSG §1B1.13(2). Additionally, the 18 U.S.C. § 3553(a) factors do not support a reduction in sentence. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime.

The Court agrees with the United States that Shevgert "committed a series of heinous, violent crimes against his vulnerable, elderly in-laws over nothing but money" and has "demonstrated that so long as he has the ability to communicate with other people, he poses a threat to others, particularly his wife's family." (Doc. # 286 at 17-18). In light of the serious and violent nature of Shevgert's crimes, granting Shevgert compassionate release after he has served well below half of his combined sentence would "undermine deterrence, respect for the rule of law, the protection of the public, and the sentence's reflection of the seriousness of his crimes." (Id. at 19). Therefore, compassionate release must be denied.

5

While Shevgert's concerns about the COVID-19 pandemic are understandable, the Court notes that several measures have already been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp (last updated Mar. 19, 2020).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

6

Defendant Alex Shevgert's pro se Motion to Reduce Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. # 279) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of September, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE